UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GREGORY JOHNSON,

       Plaintiff,

   v.

NEW BERN TRANSPORT
CORPORATION,

       Defendant.

18-CV-01232-LJV
DECISION & ORDER

---

## **INTRODUCTION**

On November 5, 2018, the plaintiff, Gregory Johnson, filed a complaint alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.* Docket Item 1. The defendant, New Bern Transport Corporation ("New Bern"), failed to appear and defend this action, and the time to do so expired. Therefore, on May 29, 2019, Johnson asked the Clerk of the Court to enter a default against New Bern, Docket Item 4, and default was entered on May 30, 2019, Docket Item 5. On September 10, 2020, Johnson moved for a default judgment, seeking $1,000 in statutory damages and $4,960 in costs and fees. Docket Item 9. For the reasons below, the Court grants the motion in part and denies it in part.

**BACKGROUND**

In September 2015, Johnson applied for a job with New Bern.[1]  Docket Item 1 at 2.  As a part of the hiring process, New Bern "procured or caused to be procured a consumer report regarding [Johnson]," as was New Bern's standard practice.  *Id.*  But, in violation of the FCRA, New Bern did not disclose to Johnson that it would procure a consumer report "in a document that consists solely of the disclosure."  *Id.*  Johnson did not know that his rights under the FCRA were violated "until he received a class action settlement notice in August 2018," alerting him to a FCRA class action lawsuit filed in the South District of New York against New Bern's parent company.  *Id.* at 3.  On August 31, 2018, Johnson opted out of that class action settlement.  *Id.*

On November 5, 2018, Johnson commenced this action.  *Id.*  A few weeks later, Johnson filed an affidavit of service, attesting that New Bern had been served on November 13, 2018.  Docket Item 3.  New Bern never appeared or otherwise defended this action, and Johnson now seeks entry of a default judgment.  Docket Item 9.

**LEGAL PRINCIPLES**

I. **DEFAULT JUDGMENT**

Rule 55 of the Federal Rules of Civil Procedure sets forth the multi-step and multi-pronged process for obtaining a default judgment. *See generally Enron Oil Corp.*

---

[1] Upon entry of default, the court accepts as true the complaint's factual allegations, except those relating to damages, and draws all reasonable inferences in the moving party's favor.  See *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).

*v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  If, as here, the plaintiff seeks a judgment for an amount other than a "sum certain," she then "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b).  That step, in turn, involves a multi-pronged analysis: (1) legal liability, (2) equitable considerations, and (3) damages calculation.  The Clerk of the Court previously entered a default against New Bern, Docket Item 5, so the Court proceeds to the Rule 55(b) considerations.

To determine whether to enter a default judgment, courts first decide whether "liability is established as a matter of law when the factual allegations of the complaint are taken as true."  *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)).  "[I]t [is] the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."  *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases).

Courts then consider whether equitable factors favor the entry of a default judgment.  "Court[s] [are] guided by the same factors [that] apply to a motion to set aside entry of a default."  *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011).  Those factors include "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Enron*, 10 F.3d at 96 (citations omitted).

Willfulness encompasses "conduct that is more than merely negligent or careless" and is appropriately found "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citation omitted). Prejudice requires a showing of more than "delay alone"; instead, the delay must have caused the loss of evidence, created increased difficulties in discovery, or provided increased opportunity for fraud and collusion. *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). And to present a meritorious defense, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, 'if proven at trial, would constitute a complete defense.'" *McNulty*, 137 F.3d at 740 (quoting *Enron*, 713 F.2d at 98) (additional citation omitted).

Finally, if a court determines that entry of a default judgment is legally and equitably appropriate, it determines the amount of damages. Although a party's default "is deemed to constitute a concession of all well[-]pleaded allegations of liability," it "is not considered an admission of damages." *Greyhound Exhibitgroup*, 973 F.2d at 158. "The district court [therefore] must ... conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). "If . . . the amount of damages must be ascertained, the court may conduct a hearing or order a reference." *Enron*, 10 F.3d at 95 (citing Fed. R. Civ. P. 55(b)(2)).

"The dispositions of motions for . . . defaults judgments . . . are left to the sound discretion of a district court." *Id.* at 95. But as a rule, "defaults are generally disfavored and are reserved for rare occasions." *Id.* at 96. *Cf. New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (characterizing a default judgment as "the most severe sanction [that

4

a] court may apply" and explaining that although "[a] motion to vacate a default judgment is addressed to the sound discretion of the district court, . . . [the Second Circuit] ha[s] expressed a strong preference for resolving disputes on the merits" (citations omitted)).

II.     FCRA

"Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and to protect consumer privacy." *TRW, Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (citing 15 U.S.C. § 1681(a) (1994)).  The FCRA accordingly "establishes the responsibilities and rights of consumers, furnishers of credit information, credit reporting agencies [ ], and users of credit information." *Hawthorne v. Citicorp Data Systems, Inc.*, 216 F. Supp. 2d 45, 47 (E.D.N.Y. 2002), *superseded on other grounds by* 219 F.R.D. 47 (E.D.N.Y. 2003) (citing 15 U.S.C. § 1681(b) (setting forth purposes of the [FCRA]); § 1681n (setting forth consumer remedies under the [FCRA]); § 1681s-2 (setting forth duties of furnishers of information)).

Under the FCRA, a prospective employer may obtain an applicant's consumer report for "employment purposes," so long as the employer complies with the disclosure requirement of section 1681b(b)(2)(A):

> [A] person[2] may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be

---

[2] The FCRA defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."  15 U.S.C. § 1681a(b).

5

> procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A).  The FCRA also imposes civil liability on "[a]ny person who willfully fails to comply with" the stand-alone disclosure requirement.  15 U.S.C. § 1681n(a).

## DISCUSSION

### I.   LIABILITY

Johnson asserts that New Bern "willfully" violated the stand-alone disclosure requirement by failing to disclose its procurement of his consumer report "in a document that consists solely of the disclosure."[3]  Docket Item 1 at 2.  "Willful" in the context of the FCRA means "reckless disregard of statutory duty."  *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007).

"An erroneous reading of the statutory requirements of the FCRA disclosure requirements is not 'reckless' unless it is 'objectively unreasonable.'"  *Jones v. Halstead Management Co., LLC*, 81 F. Supp. 3d 324, 333 (S.D.N.Y. 2015) (quoting *Safeco Ins.*, 551 U.S. at 69).  For example, "a disclosure that includes a liability waiver deviates so far from the FCRA [single-disclosure] requirement" that it is "objectively unreasonable" and "adequately alleges willfulness."  *Id.* at 333-34.  A plaintiff also can adequately

---

[3] Johnson's complaint alleges both negligent and willful violations of the FCRA, but he moves for entry of a default judgment only on the latter.  *See* Docket Item 1 at 3-4.

6

plead willfulness by alleging that the defendant was required to obtain the plaintiff's consent to procure a consumer report under section 1681b but failed to do so. *See Boyd v. CEVA Freight, LLC*, 2013 WL 6207418, at *7 (E.D. Va. Nov. 27, 2013) ("Section 1681b(b)(2) provides sufficiently clear guidance that [the defendant] *should have known* the administrative procedures required of it when handling [the plaintiff's] application." (emphasis in original)).

Taking the undisputed facts in Johnson's complaint as true, the Court is satisfied that New Bern willfully violated the stand-alone disclosure requirement. New Bern's failure to comply with the clear mandate of section 1681b(b)(2)(A) amounts to reckless disregard of its statutory obligation.

## II.   EQUITIES

Johnson argues that the equities favor entry of a default judgment because of "[New Bern's] lack of due diligence and failure to otherwise participate in the proceedings, despite ample opportunities to do so." Docket Item 9-3 at 3. In support of his position, Johnson observes that New Bern's in-house counsel contacted Johnson's attorney on January 29, 2019; that the two engaged in settlement discussions; and that New Bern therefore knew that this action was pending. Docket Item 7. But when those settlement discussions broke down, New Bern failed to answer despite Johnson's "repeated assurances" that he would pursue a default judgment if New Bern did not answer the complaint. Docket Item 9-1 at 1.

This Court agrees that the equities clearly favor entry of a default judgment. New Bern's default certainly appears willful: defense counsel knew about the case, *see id.*;

Docket Item 7, but failed to enter a notice of appearance or otherwise defend it.  Not awarding Johnson a default judgment would prejudice him, especially given his decision to defer pursuit of his claim while engaging in settlement negotiations.  And at least on the face of the complaint, there appear to be no meritorious defenses to Johnson's claims.  The Court therefore turns to the issue of damages.

### III.   DAMAGES

#### A.   Statutory Damages

The FCRA provides for statutory damages "of not less than $100 and not more than $1,000" for each violation, 15 U.S.C. § 1681n(a)(1)(A), but does not provide criteria for assessing such damages.  Nevertheless, a plaintiff need not prove actual injury or harm to recover statutory damages; he must show only that the defendant's violation was willful.  *See Beaudry v. TeleCheck Services, Inc.*, 579 F.3d 702, 705 (6th Cir. 2009).

Johnson seeks $1,000 in statutory damages because "the [ ] fact the required statutory language was not even provided [to him] . . . much less set solely in a separate document clearly establish[es] a reckless disregard of the [FCRA's] requirements."  Docket Item 9-3 at 4.  Johnson also notes that New Bern "has been aware of this litigation but has refused to answer despite being warned that a default judgment would be pursued," and he argues that this "speaks volumes of its desire to account for its actions."  *Id.*  But while those allegations of willfulness, both in violating the statute and defaulting, are necessary and adequate prerequisites to the entry of a default judgment, *see supra,* they add little to the damages calculus.

8

The requested award of $1,000 is excessive.  Johnson does not allege facts demonstrating that New Bern's violation was particularly egregious.  *See, e.g.*, *In re Clark*, 500 B.R. 823, 848 (W.D. Tex. 2013) (awarding $1,000 when the defendant's violation was "egregious and malicious" and to "compensate the [p]laintiff for harm to her reputation, her security, and her loss of time").  Nonetheless, in light of the FCRA's clear obligations and warning of the possible penalties that a violation might entail, an award of $500 is appropriate.

### B.    Attorney's Fees

Under the FCRA, courts have discretion to award reasonable attorney's fees to successful litigants. *See* 15 U.S.C. § 1681n(a)(3).  A court should consider case-specific variables in setting a reasonable hourly rate, which in turn should be used to calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty of Albany*, 493 F.3d 110, 111-12 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008).  The hourly rates charged in the reviewing court's district are presumptively the rates that the court should use. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009).  Therefore, this Court considers the prevailing rate in the Western District of New York in determining a reasonable fee here.  *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (considering the market rate for "similar services by lawyers of reasonably comparable skill, experience, and reputation").

In support of his motion, Johnson submitted time records indicating that Seth J. Andrews, Esq., an attorney with sixteen years of experience, including practice in consumer litigation, expended fifteen hours in this action.  Docket Item 9-1 at 2; Docket Item 9-2.  The requested hourly rate for Andrews is $300.  Docket Item 9-1 at 2.

9

The Court finds the requested hourly rate and hours reasonable given recent case law in this district, Andrews's experience in consumer litigation, his work drafting the pleadings and motions, and his efforts to resolve the case.  *See, e.g.*, *Hallmark v. Cohen & Slamowitz, LLP*, 378 F. Supp. 3d 222, 228-29 (W.D.N.Y. 2019) (surveying reasonable attorney fees in Western District of New York FDCPA cases and setting a reasonable rate for Andrews at $300 per hour).  Therefore, the Court awards Johnson $4,500 in attorney's fees.  The Court also awards Johnson $460 in court and service costs under section 1681n(a)(3).

## CONCLUSION

For the reasons stated above, the motion for a default judgment, Docket Item 9, is GRANTED IN PART and DENIED IN PART.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that Johnson's motion for a default judgment is granted in part and denied in part; and it is further

ORDERED that Johnson is awarded $500 in statutory damages; and it is further

ORDERED that Johnson is awarded $4,960 in attorney's fees and costs; and it is further

ORDERED that the Clerk of the Court shall enter judgment against the defendant in the amount of $5,460; and it is further

ORDERED that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:  November 17, 2020

       Buffalo, New York

                                                                      LAWRENCE J. VILARDO
                                                              UNITED STATES DISTRICT JUDGE